# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**CHARLES D. AUSTIN**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

July 11, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:     *Candy A.F. v. Martin O'Malley, Commissioner, Social Security Administration*
        Civil No. 23-2351-CDA

Dear Counsel:

On August 28, 2023, Plaintiff petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for benefits. ECF 1. This case was then referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has considered the record in this case (ECF 7) and the parties' dispositive filings[1] (ECFs 8, 12). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons explained below, Plaintiff's Motion for Summary Judgment will be DENIED, and the SSA's decision will be AFFIRMED.

## I.     PROCEDURAL BACKGROUND

Plaintiff filed an application for disability insurance benefits on September 12, 2017, alleging a disability onset of September 10, 2012. Tr. 902. The claim was denied initially and on reconsideration. *Id.* On September 12, 2019, an Administrative Law Judge ("ALJ") held a hearing. *Id.* The ALJ denied Plaintiff's claim in a decision dated November 21, 2019. Tr. 7–24. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so Plaintiff filed an appeal in this Court, Tr. 950–56. The Court remanded Plaintiff's case to the SSA. Tr. 945–49. A second hearing was held on November 29, 2022. Tr. 918–36. The SSA denied Plaintiff's claim for a second time on January 12, 2023. Tr. 899–917. The Appeals Council denied Plaintiff's request for review of that decision. Tr. 892–98. Accordingly, the January 12, 2023 decision is the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

---

[1] Plaintiff styled her dispositive filing as a Motion for Summary Judgment and Defendant styled its dispositive filing as a brief. *See* ECFs 8, 12.

of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  The SSA evaluates disability claims using a five-step sequential evaluation process.  20 C.F.R. § 404.1520. Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy."  *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity from the alleged onset of her disability until the date on which she was last insured.  Tr. 905.  At step two, the ALJ found that Plaintiff suffered from the following severe impairments: right shoulder rotator cuff tear status-post repair, lumbar degenerative disc disease, and hip bursitis.  *Id.*  The ALJ also determined that Plaintiff suffered from the following non-severe impairments: foot pain, knee arthritis, history of cervical spine fusion, and adjustment disorder. *Id.*  At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.  Tr. 906.  The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except with no climbing [of] ladders, ropes, or scaffolds, no unprotected heights, no hazardous machinery, or no commercial driving. The claimant is capable of occasional climbing of ramps and stairs, crouching, crawling, sto[o]ping, and kneeling. She is capable of occasional overhead reaching. The claimant should avoid concentrated exposure to vibrations.

Tr. 907.  The ALJ concluded that Plaintiff was not disabled because her RFC enabled her to perform past relevant work as a caseworker.  Tr. 911–12.

### III.  LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  The ALJ's factual findings are conclusive if supported by "substantial evidence," 42 U.S.C. § 405(g), which is evidence that "a reasoning mind would accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla" and "somewhat less than a preponderance."  *Id*.  In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ "analyzed all evidence" and "sufficiently explained the weight [they have] given to obviously probative exhibits[.]"  *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997).

### IV.  ANALYSIS

Plaintiff argues that: (1) the ALJ erroneously rejected the opinion of a medical source in determining that Plaintiff had the RFC to perform a limited range of light work; (2) the ALJ erred at step four by determining that Plaintiff could perform her past relevant work as a caseworker; and (3) the ALJ erred at step five by failing to find Plaintiff disabled pursuant to the SSA's medical-

*Candy A.F. v. O'Malley*
Civil No. 23-2351-CDA
July 11, 2024
Page 3

vocational guidelines.  ECF 8-1, at 6–11.  Plaintiff seeks remand to the SSA with instructions to award benefits or, in the alternative, remand for a new administrative hearing.  *Id.* at 1.  Defendant counters that the RFC assessment was supported by substantial evidence and that the ALJ's hypothetical question to the vocational expert properly incorporated each of the RFC assessment's limitations.  ECF 12, at 6–18.  Defendant further contends that the ALJ properly determined that Plaintiff was not disabled under the medical-vocational guidelines.  *Id.* at 18–19.  For the following reasons, the Court determines that remand is not warranted.

As an initial matter, Plaintiff argues that her RFC was erroneously assessed insofar as the ALJ erred when evaluating the medical opinion of Dr. Michael April.  ECF 8-1, at 6.  When assessing RFC, an ALJ must articulate the persuasiveness of each medical opinion in the record.  *See Adrianna S. v. Comm'r of Soc. Sec.*, No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022).  Because supportability and consistency are the most important factors in determining persuasiveness, an ALJ must explain how those factors impacted their evaluation of each medical opinion.  *See* 20 C.F.R. § 404.1520c(b)(2).  "Supportability" refers to "the objective medical evidence and supporting explanations presented by a medical source."  *Id.* § 404.1520c(c)(1).  In assessing consistency, an ALJ considers the degree of cohesion between the opinion and "the evidence from other medical sources and nonmedical sources in the claim."  *Id.* § 404.1520c(c)(2).

Dr. April[2] opined that Plaintiff had the following functional limitations: "Sitting is limited to 30 minutes.  Standing is limited to 30 minutes.  Walking is limited to 30 minutes.  Lifting is limited to 20 pounds.  Carrying is limited to 20 pounds.  Handling objects is not limited.  Speech is not limited.  Hearing is not limited.  Traveling is not limited."  Tr. 687.  The ALJ found Dr. April's opinion unpersuasive because it was "not supported by the claimant's capabilities" during the physical examination that Dr. April conducted and was "inconsistent with the medical evidence in the file."  Tr. 910–11.  The ALJ also found the opinion unpersuasive because Dr. April and Plaintiff did not have an "established treating relationship."[3]  Tr. 911.

Because the ALJ assessed, specifically, the supportability and consistency of Dr. April's opinion, their evaluation comports with the SSA's regulatory framework.  *See* 20 C.F.R. § 404.1520c.  Plaintiff disagrees and contends that Dr. April's physical examination and the remainder of the evidence *do* support the conclusions drawn by Dr. April.  *See* ECF 8-1, at 7–8.  This contention is unavailing.  Although a reasonable factfinder could reach a different conclusion than the ALJ did, it is not the Court's role to "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ[.]"  *Collins v. Kijakazi*, No. 22-1947, 2024 WL 1405894, at *1 (4th Cir. Apr. 2, 2024) (quoting *Shelley C. v. Comm'r of Soc. Sec.*

---

[2] The ALJ decision erroneously referred to Dr. April as "Dr. Michel."  Tr. 910.

[3] In passing, Plaintiff faults the ALJ for failing to consider whether other treatment providers had an established treatment relationship with Plaintiff.  *See* ECF 8-1, at 8.  Because an ALJ's consideration of this factor is discretionary, the Court detects no error in the ALJ's decision to consider the factor with respect to some opinions and not others.  *See* 20 C.F.R. § 404.1520c(b)(2) (explaining that an ALJ "may, but [is] not required to," consider the extent and length of a treatment relationship in assessing a medical opinion).

*Candy A.F. v. O'Malley*
Civil No. 23-2351-CDA
July 11, 2024
Page 4

*Admin.*, 61 F.4th 341, 353 (4th Cir. 2023)).  When faced with "conflicting evidence" that would permit "reasonable minds to differ," the Court must "defer to the ALJ's decision."  *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020).  Accordingly, the Court declines Plaintiff's invitation to engage in a *de novo* review of Dr. April's opinion.

The Court must reject the remainder of Plaintiff's contentions for similar reasons.  In addition to challenging the ALJ's evaluation of Dr. April's opinion, Plaintiff devotes several paragraphs of her brief to demonstrating how portions of the record "clearly" show that a restriction to light work was improper.  ECF 8-1, at 7–10.  But Plaintiff identifies no unresolved evidentiary conflicts or factual conclusions that could not be accepted by a reasoning mind.  *See id.*  Thus, Plaintiff's contentions amount to a request to second-guess the ALJ's factual findings on appeal.  The Court may not do so.  *See Shinaberry*, 952 F.3d at 123.  Because Plaintiff has not shown that her RFC was erroneously assessed, the Court need not consider Plaintiff's arguments that the ALJ erred at steps four and five, as those arguments are predicated upon the contention that the ALJ erred in assessing Plaintiff's RFC.  *See* ECF 8-1, at 10–11.

As Plaintiff has identified no error in the ALJ's assessment of her RFC, the Court must deny Plaintiff's Motion for Summary Judgment and affirm the ALJ's decision.

## V.   **CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion For Summary Judgment, ECF 8, is DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge